UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
MAPLEWOOD AT UPPER EAST SIDE, LLC,

                                                             Plaintiff,

v.

MALA SENDYK, AS ADMINISTRATOR OF THE ESTATE
OF BENJAMIN SENDYK, SHARON SENDYK, AS
ADMINISTRATOR OF THE ESTATE OF BENJAMIN SENDYK,
CHICAGO TITLE INSURANCE COMPANY, as escrow
agent/stakeholder, INTERIORS BY B&H, INC., and 1808
2nd REALTY LLC,

                                                             Defendants.
-----------------------------------------------------------------------------X

Case No.:
1:17-cv-02914-DAB

**ANSWER AND
CROSS-CLAIMS**

       Defendant Mala Sendyk, as Administrator of the Estate of Benjamin Sendyk, by her attorney, The Law Office of Leonard Rodney, as and for her answer to the First Amended Complaint, respectfully alleges as follows:

       1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1 and 2 of the Amended Complaint.

      2.      With respect to the allegations contained in paragraph 3, denies that Mala Sendyk is currently the Administrator of the Estate of Benjamin Sendyk (the "Estate") but admits that she was the Administrator during the period of August 12, 2012 through August 11, 2016.

      3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 5 of the Amended Complaint.

      4.      With respect to the allegations contained in paragraph 6, denies that the principal place of business of Interiors by B&H, Inc. is located at 80 Cuttermill Road, Great Neck, New York.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 7, 8, and 9 of the Amended Complaint

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 13, 14 and 15 of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 22, 23, 24, 25, 26, 34, 35, 36, 37, 38 and 39 of the Amended Complaint and respectfully refer all issues of construction of the Tax Contribution Agreement and the Escrow Agreement to the Trial Court.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 44, 46, 47, 48, 49, 50 and 51 of the Amended Complaint.

**As to the First Claim for Relief**

9. With respect to the allegations contained in paragraph 52, defendant admits or denies the truth of the allegations contained in paragraphs 1 through 51 as the same are hereinabove admitted or denied.

10. Denies the truth of the allegations contained in paragraphs 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63 and 64 of the Amended Complaint.

**As to the Second Claim for Relief**

11. With respect to the allegations contained in paragraph 65, defendant admits or denies the truth of the allegations contained in paragraph 1 through 64 as the same are hereinabove admitted or denied.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 66, 67, 68, 69, 70, 71, 74, 75 and 76 of the Amended Complaint.

**First Affirmative Defense**

13.     The complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

14.     On August 12, 2012, Letters of Administration were duly issued by the Surrogate's Court, Kings County, to defendant Mala Sendyk.

15.     On or about June 28, 2016, Surrogate Diane A. Johnson issued a decision/order which, inter alia, revoked the Letters of Administration issued to Defendant and removed Mala Sendyk as the Administrator of the Estate of Benjamin Sendyk.

16.     On or about August 11, 2016, Letters of Administration were issued to Defendant Sharon Sendyk and since that date, Sharon Sendyk has assumed all of the duties and obligations of the Administrator of the Estate of Benjamin Sendyk, including, but not limited to the administration, and implementation and enforcement of the Tax Contribution Agreement and the Escrow Agreement.

17.     As a result of the foregoing, by operation of law, there has been a novation of parties with respect to the rights, duties and obligations of the parties concerning the Tax Contribution Agreement and the Escrow Agreement.

**Third Affirmative Defense**

18.     As a result of the novation of Sharon Sendyk as Administrator of the Estate of Benjamin Sendyk, Mala Sendyk lacked the authority, discretion and power to take any step to

carry out, implement, perform, or enforce any of the rights and obligations arising from the Tax Contribution Agreement and Escrow Agreement, including but not limited to the preparation, service and filing of the requisite tax returns, as well as the alleged obligation to provide copies of the returns to the plaintiff prior to the filing with the taxing authorities.

**Fourth Affirmative Defense**

19. Upon information and belief, prior to the filing of the subject tax returns, Maplewood was advised of the contents of the subject tax returns and specifically, the manner in which the gain from the sale of the property would be recognized and that the Federal return would result in a refund in the amount of $76,000.00 and that the State return reflected a payment due in the amount of $15,000.00.

20. Maplewood agreed with the contents of the tax returns as prepared by the accountant for the Estate, voiced no objection to the manner in which the returns were prepared and consented to the filing of the returns.

**Fifth Affirmative Defense**

21. The relief sought in the Amended Complaint is barred by the doctrine of unclean hands.

**Sixth Affirmative Defense**

22. The relief sought in the Amended Complaint is barred by the doctrine of equitable estoppel.

**Seventh Affirmative Defense**

23. The relief sought in the Amended Complaint is barred by the doctrine of waiver.

**Eighth Affirmative Defense**

24. The alleged breach of the Tax Contribution Agreement did not constitute a material breach which would entitle plaintiff to the relief sought herein.

**Ninth Affirmative Defense**

25. Assuming arguendo that there was a breach of the Tax Contribution Agreement on the part of the Estate, such breach constituted, at most, a technical or de minimus breach and which does not entitle plaintiff to the relief sought herein.

**Tenth Affirmative Defense**

26. Plaintiff failed to take any and all reasonable steps to mitigate its damages.

**Eleventh Affirmative Defense**

27. Following the receipt and review of the subject tax returns, if plaintiff believed or made a determination that the returns had not been prepared as contemplated by the Tax Contribution Agreement and as a result, believed that the returns should be changed, altered or modified in some respect, the returns can be amended and filed, if deemed appropriate, to reflect and incorporate the changes, alterations or modifications as proposed by the plaintiff.

28. More than four months has elapsed since the plaintiff was provided with the tax returns and upon information and belief, plaintiff has not communicated to the Estate, the manner in which the returns need to be changed, altered or modified in order to be in accordance with or as contemplated by the Tax Contribution Agreement.

**As and For a First Cross Claim**

29. If plaintiff was caused to sustain damages at the time and place set forth in the complaint, which the defendant expressly denies, then such damages were caused solely by reason of the culpable conduct of co-defendant, Sharon Sendyk, as Administrator of the Estate of

Benjamin Sendyk, her agents, attorneys, servants or employees, all without any culpable conduct on the part of the defendant.

30. If plaintiff obtains a judgement against the defendant for damages alleged in the complaint, such liability will have been caused by the culpable acts or omissions of co-defendant, Sharon Sendyk, her agents, attorneys, servants or employees, and the defendant is therefore entitled to have judgment over and against the co-defendant by way of common law indemnity for such amounts including any interest thereon, together with the costs, disbursements and attorneys' fees incurred by the defendant in the defense of this action.

**As and For a Second Cross-Claim**

31. The defendant repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "30" of this answer with the same force and effect as if fully set forth at length herein.

32. If plaintiff was caused to sustain damages as alleged in the complaint, which the defendant expressly denies, then such damages were caused solely by reason of the culpable conduct of co-defendant Sharon Sendyk, her agents, attorneys, servants or employees, and not by reason of any culpable conduct of the defendant.

33. If plaintiff obtains a judgment against the defendant for the injuries and damages alleged in the complaint, such liability will have been caused by culpable acts or omissions of co-defendant, her agents, attorneys, servants or employees, and the defendant is therefore entitled to have judgment over and against co-defendant by way of contribution, for such amount including any interest thereon, together with cots, disbursements and attorneys' fees incurred by the defendant in the defense of this action.

**WHEREFORE**, the defendant demands judgment dismissing the Amended Complaint, or alternatively, granting judgment on her crossclaims against the co-defendant, together with the costs and disbursements of this action.

Dated: June 28, 2017
      Mineola, New York

                        LAW OFFICE OF LEONARD RODNEY
                        *Attorney for Defendant, Mala Sendyk*

                        By: _/s/ Leonard Rodney_
                        Leonard Rodney
                        1565 Franklin Avenue
                        Mineola, New York 11501
                        (516) 498-1717

TO:    Daniel Waxman, Esq.
         **Bryan Cave, LLP**
         *Attorney for Plaintiff*
         1290 Avenue of the Americas
         New York, New York 10104

         Anita S. Cohen, Esq.
         *Attorney for Defendant- Sharon Sendyk*
         55 Bowling Green Place
         Staten Island, New York 10314
         (917) 446-0984