UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MAPLEWOOD AT UPPER EAST SIDE, LLC

                              Plaintiff,                Case No:  1:17-CV-02914-DAB

      v.                                                       **ANSWER TO**
                                                          **THIRD-PARTY COMPLAINT**

MALA SENDYK, as Administrator of THE ESTATE OF
BENJAMIN SENDYK, SHARON SENDYK, as Administrator
Of the ESTATE OF BENJAMIN SENDYK, and CHICAGO
TITLE INSURANCE COMPANY, as Escrow agent/stakeholder,
INTERIORS BY B&H, INC. and 1808 2nd REALTY, LLC,

                              Defendants.

                       **AND**

SHARON SENDYK AS ADMINISTRATOR OF
THE ESTATE OF BENJAMIN SENDYK,                Filed Electronically

                          Third Party Plaintiff,
     v.

LEONARD RODNEY, ESQ. and LARRY GALLUS, CPA.

                          Third Party Defendants.
---------------------------------------------------------------------X

       Third Party Defendant Leonard Rodney, as and for his answer to the Third-Party Complaint of Sharon Sendyk, as Administrator of the Estate of Benjamin Sendyk, respectfully alleges as follows:

       1.      With respect to the allegations contained in paragraph 1, 2 and 3 of the Third-Party Complaint, such allegations constitute legal conclusions and no response is made thereto, except to refer the Court to Plaintiff's Amended Complaint as to the relief sought.

       2.      Admits the truth of the allegations contained in paragraphs 4, 5, 6 and 7 of the Third-Party Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8 and 9 of the Third-Party Complaint.

4. The allegations contained in paragraph 10, 11 and 12 of the Third Party Complaint constitute legal conclusions and no response is made thereto.

5. With respect to the allegations contained in paragraph 13, this Third-Party Defendant admits that Mala Sendyk entered into an agreement to sell the Second Avenue Property on behalf of the Estate by signing the agreement in her representative capacity as Administrator of The Estate of Benjamin Sendyk (the "Estate").

6. Denies the truth of the allegations contained in paragraph 14 of the Third-Party Complaint, except admits signing the agreements on behalf of the Estate.

7. Denies the truth of the allegations contained in paragraph 15 of the Third-Party Complaint, but admits that this Third Party Defendant was one of the parties responsible for negotiating the terms and conditions of the Agreements.

8. With respect to the allegations contained in paragraph 16 of the Third-Party Complaint, denies the inference that this Third-Party Defendant ever acted in his individual capacity during the course of his representation of Mala Sendyk and respectfully refers the Court to the Agreements for all of their terms and conditions.

9. With respect to the allegations contained in paragraph 17 of the Third Party Complaint, this Third-Party Defendant denies the inference that this Third-Party Defendant ever acted in his individual capacity and respectfully refers the Court to the agreements for their content.

10. Admits the truth of the allegations contained in paragraph 18 of the Third-Party Complaint.

11. With respect to the allegations contained in paragraph 19 of the Third Party Complaint, Sharon Sendyk and her attorneys were provided with copies of the Asset Purchase Agreement and all amendments thereto and upon information and belief, copies of the Tax Contribution Agreement and Escrow Agreement.

12. With respect to the allegations contained in paragraph 20 of the Third Party Complaint, admits that Mala Sendyk's Letters of Administration were revoked and respectfully refers the Court to the Decree for its content.

13. Admits the truth of the allegations contained in paragraphs 21 and 22 of the Third-Party Complaint.

14. With respect to the allegations contained in paragraph 23 of the Third Party Complaint, denies the inference that this Third-Party Defendant had any obligation with respect to the preparation of the subject tax returns following Mala Sendyk's removal as Administrator and as a courtesy, simply forwarded the email from the Co-Third Party Defendant, the accountant for the Estate to Anita Cohen, the attorney for the Third Party Plaintiff.

15. Denies the truth of the allegations contained in paragraphs 24 and 25 of the Third Party Complaint.

16. Denies that Sharon Sendyk had no input into the decision to request an extension and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Third-Party Complaint.

17. Denies the truth of the allegations contained in paragraph 28 as they apply to this Third Party Defendant and denies knowledge of information sufficient to form a belief as to the truth of the allegations to the extent they apply to the other Third Party Defendant.

18. Denies the truth of the allegations contained in paragraph 29 and 30 of Third-Party Complaint.

19. Denies the truth of the allegations contained in paragraph 31 of the Third Party Complaint as they apply to this Third Party Defendant and denies knowledge of information sufficient to form a belief as to the truth of the allegations to the extent they apply to the other Third Party Defendant.

20. Denies the truth of the allegations contained in paragraph 32 of the Third Party Complaint as they apply to this Third Party Defendant and denies knowledge of information sufficient to form a belief as to the truth of the allegations to the extent they apply to the other Third Party Defendant.

21. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Third Party Complaint.

22. Denies the truth of the allegations contained in paragraph 34 as they apply to this Third Party Defendant and denies knowledge of information sufficient to form a belief as to the truth of the allegations to the extent they apply to the other Third Party Defendant.

23. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Third Party Complaint.

**AS TO FIRST CLAIM**

24. With respect to the allegations set forth in paragraph 36 of the Third Party Complaint, this Third Party Defendant admits or denies the truth of the allegations contained in paragraphs 1 through 35 as the same as herein above admitted or denied.

25. With respect to the allegations contained in paragraph 37 of the Third Party Complaint, admits sending the email but denies that the language referred to by counsel constitutes a legal representation.

26. Denies the truth of the allegations contained in paragraphs 38 and 39 of the Third-Party Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Third-Party Complaint.

28. Denies the truth of the allegations contained in paragraph 41 and 42 as they apply to this Third Party Defendant and denies knowledge of information sufficient to form a belief as to the truth of the allegations to the extent they apply to the other Third Party defendant.

29. Denies the truth of the allegations contained in paragraph 43 of the Third Party Complaint.

## AS TO THE SECOND CLAIM

30. With respect to the allegations contained in paragraph 44 of the Third Party Complaint, this Third Party Defendant admits or denies the truth of the allegations contained in paragraphs "1" through "43" of this answer with the same force and effect as if fully set forth at length herein.

31. Denies the truth of the allegations contained in paragraphs 45, 46, 47, 49 and 52 of the Third-Party Complaint.

32. Denies knowledge or information with respect to the truth of the allegations contained in paragraphs 48 and 50 of the Third-Party Complaint.

33. Denies the truth of the allegations contained in paragraph 52 of the Third Party Complaint.

## AS TO THE THIRD CLAIM

34. With respect to the allegations set forth in paragraph 53 of the Third Party Complaint, this Third Party Defendant admits or denies the allegations contained in paragraphs 1 through 52 as the same as herein above admitted or denied.

35. Denies the truth of the allegations contained in paragraphs 55, 56 and 57 of the Third-Party Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 58, 59, 60 and 61 of the Third-Party Complaint.

## AS TO THE FOURTH CLAIM

37. With respect to the allegations set forth in paragraph 62 of the Third Party Complaint, this Third Party Defendant admits or denies the truth of the allegations contained in paragraphs 1 through 61 as the same as herein above admitted or denied.

38. Denies the truth of the allegations contained in paragraphs 63, 64, 65 and 66 of the Third-Party Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 67, 68, 69 and 70 of the Third-Party Complaint.

## AS TO THE FIFTH CLAIM

40. With respect to the allegations set forth in paragraph 71 of the Third Party Complaint, this Third Party Defendant admits or denies the truth of the allegations contained in paragraphs 1 through 70 as the same as herein above admitted or denied.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 72 and 73 of the Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

42. The Third-Party Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

43. On August 12, 2012, Letters of Administration were duly issued by the Surrogate's Court, Kings County, to defendant Mala Sendyk.

44. On or about June 28, 2016, Surrogate Diane A. Johnson issued a decision/order which, inter alia, revoked the Letters of Administration issued to defendant and removed Mala Sendyk as the Administrator of the Estate.

45. On or about August 11, 2016, Letters of Administration were issued to co-defendant Sharon Sendyk and since that date, co-defendant Sharon Sendyk assumed all of the duties and obligations of the Administrator of the Estate including, but not limited to the administration, implementation and enforcement of the Tax Contribution Agreement and the Escrow Agreement.

46. As a result of the foregoing, by operation of law, there has been a novation of parties with respect to the rights, duties and obligations with respect to the Tax Contribution Agreement and the Escrow Agreement.

## THIRD AFFIRMATIVE DEFENSE

47. As a result of the novation of Third Party Plaintiff Sharon Sendyk as Administrator of the Estate, this Third Party Defendant lacked the authority, discretion and power to take any steps to carry out, perform, or enforce any of the rights, duties and obligations arising from the Tax Contribution Agreement and Escrow Agreement, including but not limited to the preparation,

service and filing of the requisite tax returns, as well as the alleged obligation to provide copies of the returns to the plaintiff prior to the filing with the tax authorities.

## FOURTH AFFIRMATIVE DEFENSE

48. Upon information and belief, prior to the filing of the subject tax returns, Third Party Plaintiff was advised of the content of the subject tax returns and specifically, the manner in which the gain from the sale of the property would be recognized and that the Federal return would result in a refund in the amount of $76,000.00 and that the State return reflected a payment due in the amount of $15,000.00.

49. Upon information and belief, the Third Party Plaintiff agreed with the contents of the tax returns as prepared by the accountant for the Estate, voiced no objection to the manner in which the returns were prepared and consented to the filing of the returns.

## FIFTH AFFIRMATIVE DEFENSE

50. The relief sought in the Third-Party Complaint is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

51. The relief sought in the Third-Party Complaint is barred by the doctrine of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

52. The relief sought in the Third-Party Complaint is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

53. The Third-Party Plaintiff failed to take to take any and all reasonable steps to mitigate her alleged damages.

## NINTH AFFIRMATIVE DEFENSE

54. Following the receipt and review of the subject tax returns, if Third-Party Plaintiff believed or had made a determination that the returns had not been prepared as contemplated by or in accordance with the Tax Contribution Agreement and as a result, believed that the returns should be changed, altered or modified in some respect, the returns can be amended and filed, if deemed appropriate, to reflect and incorporate the changes, alterations or modifications as proposed by the Third Party Plaintiff.

55. More than four months has elapsed since the Third-Party Plaintiff was provided with the tax returns and upon information and belief, Third Party Plaintiff has not communicated to the other Third Party Defendant, the manner in which the returns need to be changed, altered or modified in order to be accordance with or as comtemplated by the Tax Contribution Agreement.

## TENTH AFFIRMATIVE DEFENSE

56. The damages allegedly sustained by the Third-Party Plaintiff, if any, are the result of her own acts and/or the acts of her counsel, Anita Cohen or the acts of third parties over which this defendant has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

57. This Third Party Defendant owed no duty or obligation to the Third-Party Plaintiff with respect to the preparation and filing of the subject tax returns.

## TWELFTH AFFIRMATIVE DEFENSE

58. There is a lack of privity between this Third-Party Defendant and the Third-Party Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

59. Following the closing of the sale of the subject property, copies of the Tax Contribution Agreement and the Escrow Agreement were provided to Anita Cohen, counsel for the Third Party Plaintiff, and copies were also provided to the other Third Party Defendant.

60. Following the removal of defendant Mala Sendyk, as the Administrator by the Surrogate on or about July 27, 2016, defendant Mala Sendyk and her counsel, this Third Party Defendant, became functis officio and therefore had no authority, right or obligation to continue to administer the Estate including, without limitation, the obligations to comply with the terms of the Tax Contribution Agreement and/or the Escrow Agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE

61. This Third Party Defendant exercised due care and diligence in all matters alleged in the Third Party Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

62. Any damages sustained by the Third Party Plaintiff were not caused by any acts or omissions on the part of the this Third Party Defendant, but were solely caused by the negligence and carelessness of the Third Party Plaintiff that such conduct requires diminution of any award, verdict, or judgment that the Third Party Plaintiff may recover against the Third Party Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

63. If any damages were sustained by the Third Party Plaintiff as alleged in the Third Party Complaint, which damages are expressly denied, all such damages have been caused and brought about in whole or in material part by the affirmative wrongdoing, negligence, want of care, assumption of risk, breach of contract, and other culpable conduct and/or comparative negligence of

persons other than the Third Party Defendant, without similar acts of this Third Party Defendant contributing thereto, and as a consequences thereof, the Third Party Plaintiff's damages should be reduced by the proportion of the third parties' culpable conduct, which caused the alleged damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

64. Any alleged damages sustained by the Third Party Plaintiff were a result of the acts or omissions of their persons or entities over which the Third Party Defendant exercised no control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

65. The Third Party Plaintiff's claims as against Third Party Defendant are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands

### NINETEENTH AFFIRMATIVE DEFENSE

66. This Third Party Defendant was not the proximate cause of the Third Party Plaintiff's alleged damages.

### TWENTITH AFFIRMATIVE DEFENSE

67. The Third Party Plaintiff's claims are barred by the doctrine of ratification.

### TWENTY FIRST AFFIRMATIVE DEFENSE

68. The Third Party Plaintiff cannot establish that she would have achieved a different result "but for" this Third Party Defendant's purported conduct.

### TWENTY SECOND AFFIRMATIVE DEFENSE

69. The Third Party Plaintiff has not sustained "actual and ascertainable" damages.

### TWENTY THIRD AFFIRMATIVE DEFENSE

70. The Third Party Plaintiff's claims against the Third Party Defendant amount to

"second-guessing" the Third Party Defendant's negotiation strategy and/or reasonable judgment, which does not substantiate a claim in legal malpractice.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

71. The Third Party Plaintiff subsequently retained successor counsel for the Estate who had the last clear chance to correct the Third Party Defendant's alleged malpractice.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

72. This Third Party Defendant exercised "reasonable judgment" in his representation of the Estate.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

73. This Third Party Defendant reserves his right to assert additional affirmative defenses as such are determined during the course of this litigation.

## AS AND FOR A FIRST CROSS CLAIM

74. If the Third Party Plaintiff was caused to sustain damages at the time and place set forth in the Third Party Complaint, which the defendant expressly denies, then such damages were caused solely by reason of the culpable conduct of Co-Third Party Defendant, Larry Gallus, his agents, attorneys, servants or employees, all without any culpable conduct on the part of the defendant.

75. If Third Party Plaintiff obtains a judgment against the Third Party Defendant for damages alleged in the Third Party Complaint, such liability will have been caused by the culpable acts or omissions of Co-Third Party Defendant, Larry Gallus, his agents, attorneys, servants or employees, and the Third Party Defendant is therefore entitled to have judgment over and against the Co-Third Party Defendant by way of common law indemnity for such amounts including any

interest thereon, together with the costs, disbursements and attorney's fees incurred by this Third Party Defendant in the defense of this action.

**AS AND FOR A SECOND CROSS CLAIM**

76. This Third Party defendant repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "75" of this answer with the same force and effect as if fully set forth at length herein.

77. If the Third Party Plaintiff was caused to sustain damages as alleged in the Third Party Complaint, which this Third Party Defendant expressly denies, then such damages were caused solely by reason of the culpable conduct of Co-Third Party Defendant, Larry Gallus, his agents, attorneys, servants or employees, and not by reason of any culpable conduct of the defendant.

78. If Third Party Plaintiff obtains a judgment against the Third Party Defendant for the injuries and damages alleged in the Third Party Complaint, such liability will have been caused by culpable acts or omissions of Co-Third Party Defendant, his agents, attorneys, servants or employees, and this Third Party Defendant is therefore entitled to have judgment over and against Co-Third Party Defendant by way of contribution, for such amount including any interest thereon, together with costs, disbursements and attorney's fees incurred by this Third Party Defendant in the defense of this action.

**WHEREFORE**, defendant respectfully requests that (a) the Third-Party Complaint be denied in all respects and that said the Third Party Complaint be dismissed with prejudice; (b) granting the first and record cross-claims against Co-Third Party Defendant; and (c) granting such

other and further relief as to the court sees is just a proper, together with the costs and disbursements incurred in connection with defending this action.

Dated: August 21, 2017
Mineola, New York

> LAW OFFICES OF LEONARD RODNEY
> Attorney for Third Party Defendant, Leonard Rodney
>
> By: *[signature]*
> Leonard Rodney
> 1565 Franklin Avenue, Suite 101
> Mineola, New York 11501
> (516) 498-1717

To: Served and Filed Electronically