UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X   1:17-cv-02914-DAB
MAPLEWOOD AT UPPER EAST SIDE, LLC,

                                Plaintiff,

        -against-

MALA SENDYK AS ADMINISTRATOR OF THE                    **AFFIDAVIT OF**
ESTATE OF BENJAMIN SENDYK, SHARON                      **LAWRENCE A.**
SENDYK AS ADMINISTRATOR OF THE ESTATE                  **GALLUS, CPA**
OF BENJAMIN SENDYK, CHICAGO TITLE
INSURANCE COMPANY, as
Escrow agent/stakeholder, INTERIORS BY
B & H, INC. and 1808 2nd REALTY, LLC,

                                Defendants.
--------------------------------------------------------------------------------X
SHARON SENDYK AS ADMINISTRATOR OF
THE ESTATE OF BENJAMIN SENDYK,

                                Third-Party Plaintiff,

        -against-

LEONARD RODNEY, ESQ. and LARRY GALLUS, CPA,

                                Third-Party Defendants.
--------------------------------------------------------------------------------X

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF KINGS          )

        **LAWRENCE A. GALLUS, CPA,** being duly sworn, deposes and states that he is an

adult person over the age of 21 years; that he has personal knowledge of the facts set forth in his

affidavit; that these facts are true and correct to the best of his knowledge and belief; that he is

competent to testify to such facts; and would so testify if called as a witness at a hearing on this

action.

1. I have been a licensed Certified Public Accountant and practicing in New York under license number 048211 since 1983. My license is currently in good standing.

2. I am the senior partner of Lawrence Gallus, CPA, P.C., a full-service accounting, financial advisory and tax services firm with offices in Brooklyn, New York and New York, New York. Lawrence Gallus, CPA, P.C., maintains its principal office at 1613 Avenue Z, Brooklyn, New York 11235.

3. I have over thirty years of experience in preparation of tax returns, including estate tax returns such as the one at issue in this action.

4. I served as accountant to the Estate of Benjamin Sendyk (the "Estate") during the period when Mala Sendyk was the administrator of the Estate and Leonard Rodney, Esq. ("Rodney") was serving as counsel for the Estate. I was referred to the Estate by Rodney, after I had prepared Interiors by B&H, Inc.'s corporate income tax returns for several years.

5. I was retained by Rodney and Mala Sendyk as the Administrator of the Estate to perform professional accounting services, including preparation of the Federal and New York State/New York City fiduciary tax returns for the Estate to reflect the sale of the building to the Estate. My services were performed pursuant to a written and executed engagement agreement directed to Rodney on the Estate's behalf and executed by Mala Sendyk as the Administrator of the Estate. A copy of the executed engagement agreement agreed upon by Mala Sendyk as Administrator of the Estate on June 1, 2016 is annexed as **Exhibit "A".**

6. At pertinent part, the written and executed engagement agreement agreed upon by Mala Sendyk as Administrator of the Estate on June 1, 2016 set forth that *"**The Estate of Benjamin Sendyk and Interiors by B&H, Inc., agrees to release, indemnify, and hold harmless Lawrence Gallus, CPA PC (its officers and employees) harmless from any liability and costs***

*resulting from knowing misrepresentations by management.*" *See* **Exhibit "A"** (emphasis added).

      7.     I was served with a copy of the Third-Party Complaint in this action on or around July 17, 2017. A copy of the Third-Party Complaint is annexed as **Exhibit "B"**.

      8.     To the extent that the Third-Party Complaint refers to a "Tax Contribution Agreement", I was not a party or a signatory to that agreement or contract, and was not familiar with its terms, including any requirement in it pursuant to which tax returns had to be completed within 15 days from the filing date and provided to the buyer's counsel, Frank Crisafi, Esq.

      9.     I was informed by Rodney that a "Tax Contribution Agreement" existed and that I had to provide a copy of the Estate tax returns to the buyer's counsel, but I was never informed by Rodney, Anita Cohen, Esq., and/or the buyer's counsel, Frank Crisafi, Esq. in my numerous discussions and correspondence, both via email and telephonically, of any requirement that a completed copy of the returns to be filed had to be provided 15 days in advance of the filing deadline. I had no discussions or correspondence with either Anita Cohen, Esq. or Frank Crisafi, Esq. where the supposed 15-day advance of filing requirement was discussed or ever brought to my attention.

      10.     I had discussions with Frank Crisafi, Esq., including one where I explicitly explained the tax consequences to the Estate of the sale of the building, but a 15-day advance of filing requirement was never discussed nor ever brought to my attention by Frank Crisafi, Esq. In fact, Frank Crisafi, Esq., only requested that he receive a copy of the return prior to it being filed, and there was no discussion of the return having been required to be sent to him fifteen (15) days in advance of filing.

11.     If the Estate relied upon any representation(s) made by Rodney on behalf of the Estate that I had been fully aware of any 15-day advance of filing requirement, any such representation was a knowing misrepresentation by management as Rodney was retained as the attorney for the Estate and acted on the Estate's behalf. As described above, pursuant to the express terms of my applicable engagement agreement, the Estate agreed to release, indemnify, and hold me harmless from any liability and costs resulting from knowing misrepresentations by the Estate's management.

12.     The Third-Party Complaint, at its ¶ 27, expressly asserts that Rodney, on behalf of the Estate's management, made knowing misrepresentations, which could subject me to this action and liability and costs. At pertinent part, the Third-Party Complaint, at its ¶ 27, alleges that "Rodney represented that Gallus was fully knowledgeable about all the requirements of the Tax Contribution Agreement. *__As a result of these negligent and/or reckless misrepresentations__* *__by Rodney,__* Sharon reasonably relied upon Rodney and Gallus to prepare the tax returns accurately and in full compliance with all the requirements of the Tax Contribution Agreement, including, but not limited to, the requirement that the proposed tax returns be submitted to Maplewood fifteen days before being filed." *See* **Exhibit "B"** (emphasis added).[1]

13.     Following the timely filing of the Estate's tax return on March 15, 2017, I had only limited contact with the seller's counsel, Frank Crisafi, Esq., to confirm that I had provided him with a copy of the Estate's tax returns prior to their timely filing. *See* **Exhibit "C"**.

Lawrence A. Gallus, CPA

Sworn to before me this

---

[1]     The Third-Party Complaint also refers to Rodney's July 26, 2016 email correspondence to Anita Cohen, Esq., counsel for Sharon Sendyk as Administrator of the Estate, regarding whether the Estate wanted me to continue to prepare the Estate's tax returns. I was not copied on Rodney's July 26, 2016 email. *Id.*

_17_ , day of August, 2017

_Tetyana Gligich_

Notary Public

**TETYANA GLIGICH**
Notary Public, State of New York
No. 01GL6186715
Qualified in Kings County
Commission Expires June 21, 2020

5