UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X 1:17-cv-02914-DAB

MAPLEWOOD AT UPPER EAST SIDE, LLC,

                                Plaintiff,

           -against-

MALA SENDYK AS ADMINISTRATOR OF THE
ESTATE OF BENJAMIN SENDYK, SHARON
SENDYK AS ADMINISTRATOR OF THE ESTATE
OF BENJAMIN SENDYK, CHICAGO TITLE
INSURANCE COMPANY, as
Escrow agent/stakeholder, INTERIORS BY
B & H, INC. and 1808 2nd REALTY, LLC,

                                Defendants.
------------------------------------------------------------------------------X

SHARON SENDYK AS ADMINISTRATOR OF
THE ESTATE OF BENJAMIN SENDYK,

                          Third-Party Plaintiff,

           -against-

LEONARD RODNEY, ESQ. and LARRY GALLUS, CPA,

                          Third-Party Defendants.
------------------------------------------------------------------------------X

1:17-cv-02914-DAB

Hon. Deborah A. Batts

**ANSWER
TO THIRD-PARTY
<u>COMPLAINT</u>**

      Third-Party Defendant Larry Gallus, CPA ("Gallus"), by and through his attorneys, Milber Makris Plousadis & Seiden, LLP, as and for his answer to the Third-Party Complaint (the "Complaint"), alleges upon information and belief, as follows:

## <u>AS AND FOR AN ANSWER TO INTRODUCTION</u>

      1.     Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint.

      2.     Gallus denies each and every allegation set forth in Paragraph "2" of the Complaint.

      3.     Gallus denies each and every allegation set forth in Paragraph "3" of the Complaint.

## AS AND FOR AN ANSWER TO THE PARTIES

4.       Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint.

5.       Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint.

6.       Gallus admits that he prepared tax returns for the Estate and that he maintains a business address at 1613 Avenue Z, Brooklyn, New York 11235, and denies the remainder of the allegations set forth in Paragraph "6" of the Complaint.

7.       Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

8.       Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

9.       Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint.

## AS AND FOR AN ANSWER TO JURISDICTION AND VENUE

10.       Gallus admits the allegations set forth in Paragraph "10" of the Complaint.

11.       Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12.       Gallus admits that venue is proper in this district and respectfully refers the Court to the provisions of the document referenced in Paragraph "12" of the Complaint.

## AS AND FOR AN ANSWER TO FACTS

13.       Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14.     Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Complaint.

15.     Gallus admits each and every allegation set forth in Paragraph "15" of the Complaint.

16.     Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint.

17.     Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18.     Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19.     Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Complaint.

20.     Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint and respectfully refers the Court to the documents annexed to the Third-Party Complaint as Exhibit "A".

21.     Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint and respectfully refers the Court to the documents annexed to the Third-Party Complaint as Exhibit "B".

22.     Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

23.     Gallus denies the allegation set forth in Paragraph "23" of the Complaint that the tax returns for the Estate had not been timely prepared, admits that proper and timely extensions

were filed, and denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph "23" of the Complaint.

24.    Gallus denies the allegations set forth in Paragraph "24" of the Complaint as they relate or pertain to Gallus with regard to the allegation that the tax returns were not prepared in a timely manner, and admits the allegations set forth in Paragraph "24" of the Complaint that extensions of time were filed.

25.    Gallus denies each and every allegation set forth in Paragraph "25" of the Complaint.

26.    Gallus denies the allegations set forth in Paragraph "26" of the Complaint that Sharon Sendyk had no input regarding estimated taxes, and denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph "26" of the Complaint

27.    Gallus admits each and every allegation set forth in Paragraph "27" of the Complaint.

28.    Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29.    Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Complaint.

30.    Gallus denies each and every allegation set forth in Paragraph "30" of the Complaint.

31.    Gallus denies each and every allegation set forth in Paragraph "31" of the Complaint as they relate or pertain to Gallus and denies having knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph "31" of the Complaint.

32.     Gallus denies each and every allegation set forth in Paragraph "32" of the Complaint as they relate or pertain to Gallus and denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph "32" of the Complaint.

33.     Gallus denies each and every allegation set forth in Paragraph "33" of the Complaint.

34.     Gallus denies each and every allegation set forth in Paragraph "34" of the Complaint as they relate or pertain to Gallus and denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph "34" of the Complaint.

35.     Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "35" of the Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
(NEGLIGENT MISREPRESENTATION)

36-43.   The Complaint's first cause of action as against Gallus has been dismissed in its entirety pursuant to the Court's July 2, 2019 Order and Decision.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
(BREACH OF CONTRACT)

44-52.   The Complaint's second cause of action as against Gallus has been dismissed in its entirety pursuant to the Court's July 2, 2019 Order and Decision.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
(PROFESSIONAL NEGLIGENCE)

53.    Gallus repeats, reiterates and restates each and every allegation set forth in Paragraphs "1" through "52" above as if fully set forth herein.

54.    Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "54" of the Complaint.

55.    Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "55" of the Complaint.

56.    Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "56" of the Complaint.

57.    Gallus denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "57" of the Complaint.

58.    Gallus denies each and every allegation set forth in Paragraph "58" of the Complaint

59.    Gallus denies each and every allegation set forth in Paragraph "59" of the Complaint.

60.    Gallus denies each and every allegation set forth in Paragraph "60" of the Complaint.

61.    Gallus denies each and every allegation set forth in Paragraph "61" of the Complaint.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION
(BREACH OF FIDUCIARY DUTY)

62-70. The Complaint's third cause of action as against Gallus has been dismissed in its entirety pursuant to the Court's July 2, 2019 Order and Decision.

6

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION
### (COMMON LAW INDEMNIFICATION)

71.     Gallus repeats, reiterates, and restates each and every allegation set forth in Paragraphs "1" through "70" above as if fully set forth herein.

72.     Gallus denies each and every allegation set forth in Paragraph "72" of the Complaint.

73.     Gallus denies each and every allegation set forth in Paragraph "73" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

74.     The Complaint fails to state a claim upon which relief can be granted against Gallus.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

75.     Any and all damages allegedly sustained by third-party plaintiff as alleged in the Complaint were caused in whole or in part by the culpable conduct, negligence or lack of care on the part of third-party plaintiff, its agents, assigns, employees, attorneys, or others acting on its behalf.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

76.     Any and all damages allegedly sustained by third-party plaintiff were due in whole or in part to the culpable conduct of parties other than Gallus and over whom Gallus exercised no control and/or supervision.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

77.     The liability of Gallus, if any, to third-party plaintiff is limited to Gallus' equitable share to be determined in accordance with the relative culpability of all parties contributing to the losses sustained.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

78.     Gallus did not violate any duty owed to third-party plaintiff under common law, statute, regulations or standards.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

79.     Third-party plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, unclean hands and avoidable consequences.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

80.     Third-party plaintiff's damages, if any, were sustained as a result of intervening superseding causes, which were out of the control of Gallus and not the result of the conduct, acts or omissions of Gallus. By virtue of said intervening superseding causes, third-party plaintiff's damages were not proximately caused by Gallus, and, therefore, all remaining causes of action and claims against Gallus should be dismissed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

81.     The allegations and claims set forth in this action are premature and not ripe for adjudication.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

82.     Third-party plaintiff has failed to sustain and/or cannot demonstrate actual and ascertainable damages as a result of Gallus' alleged malpractice.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

83.     Gallus' actions and/or strategic decisions in representing third-party plaintiff were reasonable and met the applicable standard(s) of care.

## AS AND FOR AN ELEVENFTH AFFIRMATIVE DEFENSE

84.     The Complaint is barred since any damages alleged in the Complaint were caused by the failures of third-party plaintiff to exercise reasonable and ordinary care, caution and vigilance.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

85.     The Complaint is barred as a result of third-party plaintiff's failure to mitigate damages, if any.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

86.     The damages alleged in the Complaint, if any, are barred and/or limited by the doctrines of comparative and/or contributory negligence.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

87.     Gallus was not the proximate or actual cause of the damages claimed by third-party plaintiff.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

88.     Gallus breached no duty to third-party plaintiff, and, as such, is not liable for any damages.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

89.     Gallus complied fully with all applicable standards of care with respect to the matters alleged in the Complaint.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

90.     Gallus is not in any way liable, either directly or vicariously, for the actions of any other persons or entities that may have caused or contributed to the damages alleged in the Complaint.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

91.     The Complaint is barred and/or limited by the statutes, codes and other provisions upon which the pleading is based.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

92.     Gallus bears no legal responsibility for the actions of third-party plaintiff and/or non-parties as alleged in the Complaint, which were unforeseeable and which actions were the proximate cause of any damages as alleged in the Complaint, and, as such, all causes of actions asserted and remaining against Gallus in the Complaint are barred.

### AS AND FOR A TWENTIENTH AFFIRMATIVE DEFENSE

93.     All risks and dangers of loss or damages connected with the transaction(s) alleged in the Complaint were, at the time and place mentioned, open, obvious and apparent, and were known by third-party plaintiff, and, as such, all such risks, dangers of loss, or damages were voluntarily assumed by third-party plaintiff.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

94.     Third-party plaintiff's claims are barred by the doctrine of accounting interference.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

95.     Third-party plaintiff's claims are barred by their failure to join necessary and indispensable parties without whom this action cannot proceed.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

96.     The claims alleged in the Complaint are barred by the loss causation doctrine.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

97.     The claims alleged in the Complaint are barred based upon the doctrine of *in pari delicto*.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

98.     If third-party plaintiff sustained damages as alleged in the Complaint, all of which are denied, then such damages were caused in whole or in part by the culpable conduct of the third-party plaintiff and the amount of damages otherwise recoverable, if any, shall be diminished by such degree of culpable conduct as is attributable to the third-party plaintiff.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

99.     If third-party plaintiff sustained damages as alleged in the Complaint, other than by reason of its own culpable conduct, then such damages were caused in whole or in part by the culpable conduct of some third person or persons or entity or entities over whom Gallus had no supervision or control, or over whom Gallus had no duty of supervision or control.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

100.    The negligence of those responsible for the incident(s) and/or the occurrence(s) alleged in the Complaint constitutes separate, independent, superseding, intervening culpable acts/omissions, which constitutes the sole proximate cause of third-party plaintiff's alleged damages.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

101.    This Court lacks jurisdiction over the subject matter of this action as to Gallus.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

102.    Gallus did not make any material misrepresentations or omissions of facts as alleged in the Complaint and, as such, all causes of action asserted and remaining in the Complaint setting forth the same are barred.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

103.    The claims alleged in the Complaint are barred pursuant to the imputation doctrine.

11

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

104.    Third-party plaintiff's claims are barred by the doctrine of ratification.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

105.    Gallus generally denies liability in this action and states that he is not indebted to third-party plaintiff as alleged in the Complaint.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

106.    The Complaint is barred in whole or in part by the doctrines of set-off and/or recoupment.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

107.    Gallus denies any and all liability for the acts alleged in the Complaint. To the extent that Gallus is found liable for any of the acts alleged in the Complaint, which liability he denies, Gallus alleges that said damages were the proximate result of the negligence of third-party plaintiff and demands contribution from third-party plaintiff.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

108.    Gallus hereby expressly incorporates by reference each and every applicable and relevant separate defense contained in the answers of any and all other defendants who may later be added or joined in this action.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

109.    Gallus reserves the right to raise such other and further affirmative defenses as may be uncovered during the course of this action up to and including at the time of trial.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

110.    Insofar as the Complaint seeks damages against Gallus, the Complaint must be dismissed because third-party plaintiff has not sustained any damages.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

111.    Gallus states that there exists a defense to the causes of action asserted in the Complaint which is founded upon documentary evidence.

## AS AND FOR CROSS-CLAIMS AGAINST MALA SENDYK AS ADMINISTRATOR OF THE ESTATE OF BENJAMIN SENDYK, INTERIORS BY B&H, INC., 1808 2nd REALTY, LLC, and LEONARD RODNEY (together, "Co-Defendants")

112.    If third-party plaintiff sustained any injuries or damages as alleged in the Complaint, which is fully denied, through negligence, carelessness or recklessness other than third-party plaintiff's own, and in the event damages are assessed to Gallus, said damages were caused solely by the primary, active and affirmative negligence, recklessness, culpable conduct, breach of contract, and/or breach of warranties of Co-Defendants, their agents, servants and/or employees, with any negligence on the part of Gallus being only vicarious, secondary, passive and/or derivatively only.

113.    By reason of the foregoing, Gallus is entitled to full and complete indemnification from, and to judgment over and against Co-Defendants for full indemnification.

114.    If third-party plaintiff sustained any injuries or damages as alleged in the Complaint, which is fully denied, through the negligence, carelessness or recklessness other than third-party plaintiff's own, and if complete indemnity is not granted as demanded under Gallus' cross-claim for such, Gallus, is nevertheless entitled to contribution from Co-Defendants, over and above its equitable share of any judgment, verdict and/or recovery obtained by third-party plaintiff, as determined in accordance with the relative culpability of each party liable for contribution.

115.    Pursuant to the terms of Gallus' engagement agreement and contract(s) existing between Co-Defendants and Gallus, Co-Defendants are contractually obligated to provide Gallus with a defense to the subject action and to indemnify Gallus for amounts recovered by third-party

13

plaintiff, if any, as well as such costs, attorneys' fees and disbursements as may be incurred by Gallus in the defense of the action.

## AS AND FOR A COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFF SHARON SENDYK AS ADMINISTRATOR OF THE ESTATE OF BENJAMIN SENDYK

116.    Pursuant to the terms of Gallus' engagement agreement and contract(s) existing between Gallus and the Estate of Benjamin Sendyk, the Estate of Benjamin Sendyk agreed to release, indemnify, and hold Gallus, and its officers and employees, harmless from any liability and costs, and, thus, third-party plaintiff is contractually obligated to provide Gallus with a defense and to indemnify Gallus for amounts recovered by plaintiff, if any, as well as such costs, attorneys' fees and disbursements as may be incurred by Gallus in the defense of the action.

WHEREFORE, Gallus demands judgment:

(A)    Dismissing the Complaint;

(B)    Granting Gallus' cross-claims in their entirety;

(C)    Granting Gallus' counter-claims in their entirety;

(D)    Awarding Gallus the costs and disbursement of this action, including attorneys' and investigative fees; and

(E)    Awarding Gallus such other and further relief as this Court may deem just and proper.

Dated: Woodbury, New York
      August 2, 2019

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

By: _____
John A. Lentinello (JL 0187)
Attorneys for Third-Party Defendant
Larry Gallus, CPA
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
jlentinello@milbermakris.com

TO:    Daniel Philip Waxman, Esq.
Bryan Cave, LLP
Attorneys for Plaintiff
1290 Avenue of the Americas

Leonard Rodney, Esq.
Attorneys for Defendants
Mala Sendyk as Administrator
Of the Estate of Benjamin Sendyk, Interiors
By B&H Inc.,
and Attorney for Third-Party Defendant
Leonard Rodney, Esq.
150 Great Neck Road
Great Neck, New York 10021

Anita S. Cohen Esq.
Attorney for Defendant/
Third-Party Plaintiff
Sharon Sendyk As Administrator
Of the Estate of Benjamin Sendyk
926 Rexcorp Plaza
Uniondale, New York 11556

Rebecca Hollis, Esq.
Fidelity Law Group
Attorneys for Defendant
Chicago Title Insurance Company
350 Fifth Avenue, Suite 3000
New York, New York 10118

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MAPLEWOOD AT UPPER EAST SIDE, LLC,

                              1:17-cv-02914-DAB

                  Plaintiff,

    -against-

MALA SENDYK AS ADMINISTRATOR OF THE
ESTATE OF BENJAMIN SENDYK, SHARON
SENDYK AS ADMINISTRATOR OF THE ESTATE
OF BENJAMIN SENDYK, CHICAGO TITLE
INSURANCE COMPANY, as
Escrow agent/stakeholder, INTERIORS BY
B & H, INC. and 1808 2nd REALTY, LLC,

                  Defendants.
-------------------------------------------------------------------------------X
SHARON SENDYK AS ADMINISTRATOR OF
THE ESTATE OF BENJAMIN SENDYK,

                  Third-Party Plaintiff,

    -against-

LEONARD RODNEY, ESQ. and LARRY GALLUS, CPA,

                  Third-Party Defendants.
-------------------------------------------------------------------------------X

## ANSWER TO THIRD-PARTY COMPLAINT

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
ATTORNEYS AT LAW
Attorneys for Defendants
*Office and Post Office Address, Tellephone*
1000 Woodbury Road, Suite 402
Woodbury, NY 11797
(516) 712-4000
MMPS File No.: 0446-14142

To                                                Signature (Rule 130-1.1-a)
.........................................................................................
                                               Print name beneath
Attorney(s) for

Service of a copy of the within                                 is hereby admitted.

Dated,                                .........................................................................................
                                             Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                           of which the within is a true copy will be presented for settlement to the
HON.                              one of the judges of the within named court,