UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X  1:17-cv-02914-DAB
MAPLEWOOD AT UPPER EAST SIDE, LLC,

                                Plaintiff,

           -against-

MALA SENDYK, AS ADMINISTRATOR OF THE
ESTATE OF BENJAMIN SENDYK, SHARON
SENDYK AS ADMINISTRATOR OF THE ESTATE
OF BENJAMIN SENDYK, CHICAGO TITLE
INSURANCE COMPANY, as
Escrow agent/stakeholder, INTERIORS BY
B & H, INC. and 1808 2nd REALTY, LLC,

                             Defendants.
--------------------------------------------------------------------------------X
SHARON SENDYK AS ADMINISTRATOR OF
THE ESTATE OF BENJAMIN SENDYK,

                     Third-Party Plaintiff,

           -against-

LEONARD RODNEY, ESQ. and LARRY GALLUS, CPA,

                     Third-Party Defendants.
--------------------------------------------------------------------------------X

Hon. Deborah A. Batts

**ANSWER TO
CROSS-CLAIMS**

       Third-Party Defendant Larry Gallus, CPA ("Gallus"), by and through his attorneys, Milber

Makris Plousadis & Seiden, LLP, as and for his answer to Defendant Mala Sendyk, as

Administrator of the Estate of Benjamin Sendyk's ("Mala's") and Third-Party Defendant Leonard

Rodney' Esq.'s ("Rodney's") Cross-Claims (the "Cross-Claims"), alleges upon information and

belief, as follows:

### AS AND FOR AN ANSWER TO THE FIRST CROSS-CLAIM

      1.     Gallus denies each and every allegation set forth in Paragraph "31" of the First

Cross-Claim.

2.       Gallus denies each and every allegation set forth in Paragraph "32" of the First Cross-Claim.

## AS AND FOR AN ANSWER TO THE SECOND CROSS-CLAIM

3.       Gallus repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" and "2" above as if more fully set forth at length herein.

4.       Gallus denies each and every allegation set forth in Paragraph "34" of the Second Cross-Claim.

5.       Gallus denies each and every allegation set forth in Paragraph "35" of the Second Cross-Claim.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.       The Cross-Claims fail to state a claim upon which relief can be granted against Gallus.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.       Any and all damages allegedly sustained by Mala and Rodney as alleged in the Cross-Claims were caused in whole or in part by the culpable conduct, negligence or lack of care on the part of Mala and/or Rodney, their agents, assigns, employees, attorneys, or others acting on their behalf.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.       Any and all damages allegedly sustained by Mala and Rodney were due in whole or in part to the culpable conduct of parties other than Gallus and over whom Gallus exercised no control and/or supervision.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.     The liability of Gallus, if any, to Mala and Rodney is limited to Gallus' equitable share to be determined in accordance with the relative culpability of all parties contributing to the losses sustained.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10.     Gallus did not violate any duty owed to Mala and Rodney under common law, statute, regulations or standards.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11.     The Cross-Claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, unclean hands and avoidable consequences.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12.     Mala's and Rodney's damages, if any, were sustained as a result of intervening superseding causes, which were out of the control of Gallus and not the result of the conduct, acts or omissions of Gallus. By virtue of said intervening superseding causes, Mala's and Rodney's damages were not proximately caused by Gallus, and, therefore, all causes of action, Cross-Claims and claims against Gallus should be dismissed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13.     The allegations and claims set forth in the Cross-Claims are premature and not ripe for adjudication.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14.     Mala and Rodney have failed to sustain and/or cannot demonstrate actual and ascertainable damages as set forth in the Cross-Claims.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15.     Gallus' actions and/or strategic decisions were reasonable and met the applicable standard(s) of care.

### AS AND FOR AN ELEVENFTH AFFIRMATIVE DEFENSE

16.     The Cross-Claims are barred since any damages alleged in the Cross-Claims were caused by the failures of Mala and/or Rodney to exercise reasonable and ordinary care, caution and vigilance.

### AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

17.     The Cross-Claims are barred as a result of Mala's and Rodney's failure to mitigate damages, if any.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18.     The damages alleged in the Cross-Claims, if any, are barred and/or limited by the doctrines of comparative and/or contributory negligence.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

19.     Gallus was not the proximate or actual cause of the damages claimed in the Cross-Claims.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

20.     Gallus breached no duty to Mala and/or Rodney, and, as such, is not liable for any damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

21.     Gallus complied fully with all applicable standards of care with respect to the matters alleged in the Cross-Claims.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

22.     Gallus is not in any way liable, either directly or vicariously, for the actions of any other persons or entities that may have caused or contributed to the damages alleged in the Cross-Claims.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

23.     The Cross-Claims are barred and/or limited by the statutes, codes and other provisions upon which the pleading is based.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

24.     Gallus bears no legal responsibility for the actions of Mala and/or Rodney and/or non-parties as alleged in the Cross-Claims, which were unforeseeable and which actions were the proximate cause of any damages as alleged in the Cross-Claims, and, as such, all causes of actions asserted and remaining against Gallus in the Cross-Claims are barred.

### AS AND FOR A TWENTIENTH AFFIRMATIVE DEFENSE

25.     All risks and dangers of loss or damages connected with the transaction(s) alleged in the Complaint were, at the time and place mentioned, open, obvious and apparent, and were known by Mala and/or Rodney, and, as such, all such risks, dangers of loss, or damages were voluntarily assumed by Mala and/or Rodney.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

26.     The Cross-Claims claims are barred by the doctrine of accounting interference.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

27.     The Cross-Claims are barred by their failure to join necessary and indispensable parties without whom this action cannot proceed.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

28.     The claims alleged in the Cross-Claims are barred by the loss causation doctrine.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

29.     The claims alleged in the Cross-Claims are barred based upon the doctrine of *in pari delicto*.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

30.     If Mala and/or Rodney sustained damages as alleged in the Cross-Claims, all of which are denied, then such damages were caused in whole or in part by the culpable conduct of Mala and/or Rodney and the amount of damages otherwise recoverable, if any, shall be diminished by such degree of culpable conduct as is attributable to Mala and/or Rodney.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

31.     If Mala and/or Rodney sustained damages as alleged in the Cross-Claims, other than by reason of its own culpable conduct, then such damages were caused in whole or in part by the culpable conduct of some third person or persons or entity or entities over whom Gallus had no supervision or control, or over whom Gallus had no duty of supervision or control.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

32.     The negligence of those responsible for the incident(s) and/or the occurrence(s) alleged in the Cross-Claims constitutes separate, independent, superseding, intervening culpable acts/omissions, which constitutes the sole proximate cause of Mala's and/or Rodney's alleged damages.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

33.     This Court lacks jurisdiction over the subject matter of this action as to Gallus.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

34.     Gallus did not make any material misrepresentations or omissions of facts as alleged in the Cross-Claims and, as such, all causes of action asserted and remaining in the Cross-Claims setting forth the same are barred.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

35.     The claims alleged in the Cross-Claims are barred pursuant to the imputation doctrine.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

36.     The Cross-Claims are barred by the doctrine of ratification.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

37.     Gallus generally denies liability in this action and states that he is not indebted to Mala and/or Rodney as alleged in the Cross-Claims.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

38.     The Cross-Claims are barred in whole or in part by the doctrines of set-off and/or recoupment.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

39.     Gallus hereby expressly incorporates by reference each and every applicable and relevant separate defense contained in the answers of any and all other defendants and third-party defendants and those who may later be added or joined in this action.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

40.     Gallus reserves the right to raise such other and further affirmative defenses as may be uncovered during the course of this action up to and including at the time of trial.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

41.     Insofar as the Cross-Claims seek damages against Gallus, the Cross-Claims must be dismissed because Mala and/or Rodney has not sustained any damages.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

42.     Gallus states that there exists a defense to the causes of action asserted in the Cross-Claims which is founded upon documentary evidence.

WHEREFORE, Gallus demands judgment:

(A)     Dismissing the Cross-Claims;

(B)     Awarding Gallus the costs and disbursement of this action, including attorneys' and investigative fees; and

(C)     Awarding Gallus such other and further relief as this Court may deem just and proper.

Dated: Woodbury, New York
       October 28, 2019

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

By: _____
John A. Lentinello (JL 0187)
Attorneys for Third-Party Defendant
Larry Gallus, CPA
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
jlentinello@milbermakris.com

TO:     Daniel Philip Waxman, Esq.
      Bryan Cave, LLP
      Attorneys for Plaintiff
      1290 Avenue of the Americas

      Leonard Rodney, Esq.
      Attorneys for Defendants
      Mala Sendyk as Administrator
      Of the Estate of Benjamin Sendyk, Interiors
      By B&H Inc.,
      and Attorney for Third-Party Defendant

8

Leonard Rodney, Esq.
150 Great Neck Road
Great Neck, New York 10021

Anita S. Cohen Esq.
Attorney for Defendant/
Third-Party Plaintiff
Sharon Sendyk As Administrator
Of the Estate of Benjamin Sendyk
926 Rexcorp Plaza
Uniondale, New York 11556

Rebecca Hollis, Esq.
Fidelity Law Group
Attorneys for Defendant
Chicago Title Insurance Company
350 Fifth Avenue, Suite 3000
New York, New York 10118