UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

MAPLEWOOD AT UPPER EAST SIDE, LLC,

          Plaintiff,

- against -

MALA SENDYK, AS ADMINISTRATOR OF
THE ESTATE OF BENJAMIN SENDYK,
SHARON SENDYK, AS ADMINISTRATOR OF
THE ESTATE OF BENJAMIN SENDYK,
CHICAGO TITLE INSURANCE COMPANY, as
escrow agent/stakeholder, INTERIORS
BY B&H,INC., and 1808 2nd REALTY LLC,

          Defendants/Counterclaim-Plaintiff.
-----------------------------------------
SHARON SENDYK AS ADMINISTRATOR OF
THE ESTATE OF BENJAMIN SENDYK,

          Third-Party Plaintiff,

- against -

LEONARD RODNEY, ESQ. and LARRY
GALLUS, CPA,

          Third-Party Defendants
---------------------------------------------------------------x

Index No. 17-cv-02914-AKH

DECLARATION OF ANITA
COHEN IN SUPPORT OF
MOTION FOR SUMMARY
JUDGMENT

    Anita Cohen, declares pursuant to 28 USC §1746 as follows:

    1.    I am the attorney for Sharon Sendyk, as administrator of the estate of Benjamin Sendyk and make this declaration in support of her motion for summary judgment.

    2.    An argument has been made that no declaration was provided by myself or Ms. Sendyk with respect to our knowledge of the section of the tax contribution agreement entered into by Mala Sendyk which provided that a copy of the tax return of the Estate would be forwarded to plaintiff at least 15 days in advance of filing.

3. I believe my lack of knowledge is self-evident from the exhibits produced. While I was unsuccessfully pressing for the completion of the return, the need to complete the return to meet the 15 day deadline was never mentioned once by me as a reason for completion. On the other hand, I was systematically excluded from communications between Mr. Rodney, Mr. Gallus and Mr. Crisafi which might have alerted me to the issue, However, so there is no question, I confirm that I was completely unaware of the issue.

4. I may have been provided a copy of the closing package at the time the sale was consummated (I cannot say for certain??), but there was no reason for me to review it. It was a consummated transaction as far as I knew and my only concern would have been that my client receive that which was due.

5. I had no reason to believe that there were any lingering obligations and no one advised me otherwise.

6. Even without knowledge of the deadline, I repeatedly pressed Mr. Rodney and Mr. Gallus to complete the return.

7. Mr. Gallus promised it would be done toward the end of February.

8. Although I was unaware of the obligation to provide the return to Maplewood in advance of the due date, Rodney and Gallus were aware and the February completion date would have been sufficient to provide the return 15 days in advance.

9. Unfortunately, Mr. Gallus reneged on that commitment as well, claiming that Mr. Rodney had not provided the information in his possession necessary to complete the return.

10. I first learned of the issue of an advance copy when Maplewood demanded the return of the escrowed funds.

11. Had I been aware of the obligation to provide the return 15 days in advance, I would have ensured that it was addressed, even if the return had to be filed late.

I declare that, pursuant to 28 USC §1746, under penalties of perjury and the laws of the United States, I have read the foregoing declaration and the facts stated in it are true and correct.

Dated: New York, New York
August 13, 2020

_____
ANITA COHEN