UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAPLEWOOD AT UPPER EAST SIDE, LLC,

                Plaintiff,                17 **CIVIL** 2914 (AKH)

        -against-                   **JUDGMENT**

MALA SENDYK, as Administrator of the Estate of
Benjamin Sendyk, et al.,

                Defendants.
------------------------------------------------------------X
SHARON SENDYK, as Administrator of the Estate
of Benjamin Sendyk,

                Third-Party Plaintiff,

        -against-

LEONARD RODNEY, ESQ., et al.,

                Third-Party Defendants.
------------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Text Only Order dated November 18, 2020, denying 123 Motion for Partial Summary Judgment. Sharon Sendyks third-party complaint fails to plead any special duty on the part of attorney Leonard Rodney other than to function as attorney for the Benjamin Sendyk Estate. He was not given a special obligation to give notice to Maplewood of the tax filing, or to supervise the accountant, Larry Gallus, who was preparing the tax filing. Indeed, at the time notice was supposed to be given, Rodney had been displaced as lawyer for the Estate by Sharon Sendyks lawyer, Anita Cohen. All this is persuasive that Sharon has no plausible malpractice claim against Rodney. However, Rodney continued to function on behalf of the Estate with respect to the Estates tax matters, and between Gallus and Maplewood. Enough is alleged to

raise a triable issue of fact whether Rodney should have given the notice to Maplewood, and whether Sharon relied on Rodney do what had to be done to protect the Estate. Rodney was an attorney-in-fact, as well as the lawyer, for the Estate, and negotiated and signed the Tax Contribution Agreement on behalf of the Estate. Rodneys continuing involvement raises issues of fact that prevent me from either granting Sharons motion for summary judgment against him or dismissing him from the third-party action. Rodney instructed Gallus, when Gallus began his tax preparations, that taxes had to be calculated according to the Tax Contribution Agreement, that is, to account for the property sales transactions leading to the sale to Maplewood to assure that Maplewood did not assume tax obligations that fairly belonged to the Estate. Gallus carried out that instruction, and Maplewood does not complain about the substance of the Estates tax filing. Gallus did not commit accountants malpractice by obtaining an extension to file the Estates taxes. Sharon fails to show that Gallus was unduly slow to complete the tax report, or that he committed malpractice by filing on the due date and not defaulting as Sharon alleges that her lawyer told him to do. Nor does she allege that the engagement of Gallus included a duty to give timely notice to Maplewood. Her third party action against Gallus is dismissed. Sharon Sendyks motion for summary judgment against Plaintiff Maplewood is denied, as issues of material fact remain as discussed in my previous order denying Maplewoods motion, ECF No. 150. Sharon argues that she is entitled to fees under the Tax Contribution Agreement as the prevailing party against Maplewoods motion. She is not. The case goes on because of the triable issues discussed in my order denying Maplewoods motion. The third-party action against Gallus and against Mala are dismissed, taxing Sharon for Gallus costs.

**Dated:**  New York, New York
December 2, 2020

**RUBY J. KRAJICK**
_____
**Clerk of Court**
**BY:** *David J. Thomas*
_____
**Deputy Clerk**