UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:
MAPLEWOOD AT UPPER EAST SIDE, LLC,   :
:
                            Plaintiff, : **ORDER ON REARGUMENT**
    -against- : **DENYING MOTIONS FOR**
: **SUMMARY JUDGMENT**
SHARON SENDYK, as Administrator of the Estate :
of Benjamin Sendyk, et al., : 17 Civ. 2914 (AKH)
:
                        Defendants. :
:
--------------------------------------------------------------- X
:
SHARON SENDYK, as Administrator of the Estate :
of Benjamin Sendyk, :
:
               Third-Party Plaintiff, :
    -against- :
:
LEONARD RODNEY, ESQ., et al., :
:
             Third-Party Defendants. :
_____ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       The parties dispute their rights and obligations under a Tax Contribution Agreement ("TCA") incident to the sale and purchase of property in Manhattan. The Estate of Benjamin Sendyk was the seller and Maplewood at Upper East Side, LLC, the buyer ("Maplewood"). On November 17 and 18, 2020, I determined a spate of motions in relation to the TCA: I denied both Maplewood's and the Estate's, motions for summary judgment, holding that there were issues of fact, *see* ECF No. 150; I denied the Estate's motion for summary judgment against Third-Party Defendant Leonard Rodney, and I dismissed its Complaint against Larry Gallus. *See* ECF No. 151.

But I remained uncertain that I had sufficiently understood the complicated relationships among the parties. I vacated my orders deciding the motions and the Clerk's judgment on the Third Party complaint, ECF No. 157 (vacating ECF Nos. 150, 151, 154), and agreed to reconsider my rulings on the same motion papers pursuant to the motion for reconsideration filed by Defendant and Third Party Plaintiff Sharon Sendyk. ECF Nos. 156, 157.

After further consideration, I again hold that there are issues of fact to prevent a summary disposition of rights and responsibilities under the TCA. I hold also that my dispositions of the Third Party Complaint were correct. Accordingly, I reinstate ECF No. 150 and 151, and the Clerk's judgment, ECF No. 154, essentially for the reasons I gave. I write to permit better understanding of the context of the dispute, and the reasons why I decline to make substantive rulings concerning the TCA.

In 1969, B&H, Inc., a corporation wholly owned by Benjamin Sendyk, purchased the property known as 1808 Second Avenue in Manhattan. B&H was dissolved in 1974, and Benjamin Sendyk, personally, became the owner of the property. It is not clear if his ownership was by operation of law or separate acquisition, or the tax implication of the transfer.

Sendyk died in 1974, and his Estate succeeded to ownership. Sendyk's daughter, Mala Sendyk, became Administrator and, acting as such, quitclaimed the prior rights of Benjamin Sendyk and/or B&H, if any, to the Sendyk Estate, that is, to herself as Administrator. Again, tax implications are not described in the record.

On July 24, 2015, the Estate of Benjamin Sendyk agreed to sell the Manhattan property to 1808 2nd Realty LLC ("1808 Realty"). On the same day, and before the transaction closed, 1808 Realty assigned its rights as buyer to Maplewood, and Maplewood assumed the obligations of 1808 Realty. The tax implications of the purchase, sale and assignment are not disclosed.

The Estate estimated that the federal, state and local taxes that were owed could be as much as $2 million, but might be $4 million more, depending on how the prior transactions were treated from the perspective of taxes. The record does not clarify the issues or, to any depth, the parties' discussions about the tax issues.

The tax complications gave rise to the Tax Contribution Agreement ("TCA"), and the accompanying Escrow Agreement. The TCA provided that the seller, the Sendyk Estate, was to pay the first $2.5 million of tax; the buyer; 1808 Realty, the next $1.5 million; and Maplewood, the assignee (denominated as the Buyer in the TCA and hereafter), the next $ 4 million. The Estate's and Maplewood's tax contributions (but not 1808's) were placed in escrow. If more taxes had to be paid, Maplewood agreed to contribute the next tranche of $1 million; any additional tax was payable by the Estate.

The dispute that the parties are litigating arises from clauses 3(a) and 7 of the TCA. Clause 3(a) provided that the seller, the Estate of Benjamin Sendyk, was to give the buyer, Maplewood, 15 days' notice before filing the Estate's tax returns. Clause 7 provided that failure to comply would terminate the agreement, and that such breach was to be considered material. If not earlier terminated, the agreement was to terminate October 15, 2022.

The Estate filed its tax report on the last day allowed (after earlier extensions) and gave notice to Maplewood shortly before it filed. Maplewood, without making any comment about the return, gave notice that the Estate's breach of the 15-day notice terminated the agreement, and demanded the return of its $ 4 million escrow deposit.

Maplewood sought summary judgment. Defendant Sharon Sendyk who, by that time, had replaced her sister, Mala[1], as administrator of the estate, opposed the motion, counter moved

---

[1] The Surrogate revoked Mala's Letters of Administration by order of June 28, 2016, and issued Letters to Sharon August 7, 2016. Rodney Decl., ¶ 18, ECF. 131.

against Maplewood for partial summary judgment declaring that Maplewood was not entitled to early termination or a return of its escrow, and moved for summary judgment against the third-party defendants, Leonard Rodney, the Estate's attorney, and Larry Gallus, the Estate's tax accountant. On November 18, 2020, I denied both Maplewood's and Sendyk's motions relating to the TCA, finding that there were issues of fact whether the late notice was a material breach even though clause 7 of the agreement provided breaches would be considered material, that Maplewood suffered no damages and no adverse tax consequences as a result of the late notice, and that there were triable issues of fact precluding summary judgment. *See* ECF No. 150. As to Sendyk's third-party claims, I found that there were triable issues of fact as to whether Defendant Leonard Rodney could be liable for any breach based on his alleged continued involvement on behalf of the Estate, and I denied that aspect of Sendyk's motion. I held also that Sendyk did not have a plausible claim against Defendant Larry Gallus, and I dismissed that aspect of her third-party claim. ECF No. 151. As to Mala Sendyk, I held that she had been sued in her capacity as trustee of the Sendyk trust and had been succeeded by Sharon, so that only Sharon Sendyk, and only as Administrator of the Benjamin Sendyk Estate, could be sued, and not Mala Sendyk or Sharon Sendyk personally.

On December 18, 2020, I vacated my orders. *See* ECF No. 157. After giving further consideration to the pleadings and motion papers, and for the reasons stated previously and those that follow, I have no reason to modify my previous orders, and I reinstate them and the Clerk's judgment, ECF 154, dismissing the Third Party Complaint against Larry Gallus.

As I ruled initially, Maplewood did not show that it suffered any prejudice from the late notice, or that it would have asked for any change in the Estate's tax filing if it had received the 15 day notice provided by the agreement, or that, even now, it has any grievance related to the

Estate's tax filing. The notice provision may have been material when it was inserted into the contract, because it was designed to assure that the Estate's tax strategy in relation to the earlier dispositions of the property among B&H, Sendyk and the Sendyk Estate, to assure that tax obligations were not shifted to Maplewood.  As Frank Crisafi, Maplewood's lawyer and draftsman of the TCA, stated in his declaration, Maplewood insisted on the materiality of the 15 days' notice to assure that the tax returns were "consistent with how the parties had structured the sale of the property," so that the Estate, and not Maplewood, would be responsible for taxes on the transactions relating to B& H, Benjamin Sendyk, and the Benjamin Sendyk Estate.  ECF No. 112, ¶¶ 25-26.  It appears, from the absence of any protest by Maplewood, that the Estate's tax returns were entirely consistent with Maplewood's objectives.  If that is the case, the purpose for providing notice and materiality by clauses 3(a) and 7 of the TCA were satisfied, and the clauses became academic and moot.

       The clauses of an agreement are not to be interpreted in isolation, but as part of a whole. *See Nomura Home Equity Loan, Inc., Series 2006-FM2 v. Nomura Credit & Capital, Inc.*, 30 N.Y.3d 572 (2017) ("Courts should read a contract as a harmonious and integrated whole to determine and give effect to its purpose and intent."); *see also Grandfeld II, LLC v. Kohl's Dep't Stores*, Inc., 163 A.D.3d 782, 784, 83 N.Y.S.3d 66, 69 (2018) ("A contract should be read as a whole, with every part interpreted with reference to the whole"). Clauses 3(a) and 7 have to be understood, not separately, but as part of the entire agreement, including its "Whereas" clauses. If the Estate's late notice remained material, materiality had to be shown in relation to real events. There are too many unanswered questions to allow summary judgment, either for Maplewood or for the Estate.

As to the third-party complaint, as I held, the allegations about Leonard Rodney's continuing involvement on behalf of the Estate raise issues of fact preventing summary judgment either for or against him, and even against his comment that the appointment of Sharon Sendyk ended his obligations to the Estate. Rodney Decl., ¶ 18, ECF 131. Rodney acted as representative of the Estate in relation to Gallus and had signed and negotiated the TCA on behalf of the Estate. Enough has been shown to prevent a summary disposition of the issues relating to Rodney. My prior order, ECF No. 151 is reinstated as to Rodney.

I again find as a matter of law that Sendyk has failed to show any liability on the part of Larry Gallus. Mala Sendyk, acting on behalf of the Estate, agreed to indemnify Gallus. *See* ECF No. 57-1. That agreement is binding on Sharon Sendyk. Additionally, Rodney instructed Gallus, when Gallus began his tax preparations, that taxes had to be calculated to assure that Maplewood did not assume tax obligations that fairly belonged to the Estate. Gallus carried out that instruction, as he testified at deposition, and Maplewood does not complain about the substance of the Estate's tax filing. As Gallus testified, he operated under the assumption that both Frank Crisafi and the Estate had to be in agreement. Gallus Dep. Tr., 5/19/20, at 122, ECF No. 129-11. Gallus did not commit accountant's malpractice and had no independent obligations under the TCA. The third-party action against Gallus is dismissed.

The Clerk shall terminate ECF Nos. 109, 123.

The parties shall meet with me Friday, April 16, 2021, 10:00 am to plan for a trial date.

SO ORDERED.

Dated: April 5, 2021           /s/ Alvin K. Hellerstein
New York, New York          ALVIN K. HELLERSTEIN
                                          United States District Judge